# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIA L. MORALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 12 CV 9082 |
| | ) |
| v. | ) |
| | ) |
| | ) Magistrate Judge Michael T. Mason |
| MENARD, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before the Court is defendant Menard, Inc.'s ("defendant") motion for summary judgment [25] against plaintiff Maria L. Morales ("plaintiff" or "Morales"). For the reasons set forth below, the Court will not address the issues raised therein. Defendant is given leave to submit evidence that this Court has jurisdiction; alternatively, the case will be remanded back to the Circuit Court of Cook County.

**I.    Background**

On October 12, 2012, plaintiff filed a one-count complaint [5] in the Circuit Court of Cook County, Illinois against Menard, Inc. Plaintiff alleges that the defendant was negligent and that negligence was the direct and proximate cause of the injuries she suffered when she slipped and fell on October 24, 2010 while shopping in the Melrose Park, Illinois store owned by the defendant. (Complaint ¶¶ 4, 7.) Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant removed this matter to the United States District Court

Northern District of Illinois on November 12, 2012. In its notice of removal [5], defendant contended that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a)(2)(c)(1). (Notice of Removal ¶ 7.) On March 25, 2013, the parties consented to the jurisdiction of the undersigned Magistrate Judge for all future proceedings pursuant to 28 U.S.C. § 636(c) [12]. Defendant now asks the Court to grant summary judgment in its favor. Before addressing the merits of defendant's summary judgment motion, we *sua sponte* address the issue of jurisdiction.

## II.     Legal Standard

According to 28 U.S.C. § 1332, district courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interests, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of § 1332, a corporation is a citizen of every state in which it is incorporated and in the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

## III.    Analysis

In a lawsuit, the Court's first responsibility is to confirm that subject matter jurisdiction exists. *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005). In its notice of removal [5], defendant contends that there is diversity of citizenship between the parties because plaintiff is a citizen of the state of Illinois and defendant is a corporation with its headquarters and principal place of business in Wisconsin, and is therefore a citizen of that state. (Notice of Removal ¶¶ 3, 4.) We have no reason to question these assertions, and therefore conclude that diversity of citizenship between the parties exists pursuant to 28 U.S.C. § 1332(a)(1)(c)(1).

The party seeking federal jurisdiction bears the burden to prove that the amount-in-controversy requirement of § 1332 is met. *Pancotto v. Home Depot U.S.A., Inc.,* No. 03 C 6315, 2004 WL 1088231, at *1 (N.D. Ill. May 14, 2004); *see also Smith v. American Gen. Life and Accident Ins. Co., Inc.,* 337 F.3d 888, 893 (7th Cir. 2003). In its notice of removal, defendant relied on plaintiff's prayer for damages to establish the $75,000 threshold required by § 1332(a). (Notice of Removal ¶ 5.) In her complaint, plaintiff submitted an affidavit, pursuant to Illinois Supreme Court Rule 222(b), stating that she is seeking damages in excess of $50,000. (*Id.* at Exhibit A.) Defendant reasoned, without any evidentiary support, that because plaintiff seeks damages in excess of $50,000, it was reasonable to assume plaintiff's damages will exceed $75,000. (*Id.* ¶ 6.) There is no indication in plaintiff's complaint or in the briefs and depositions submitted in support of the summary judgment motion, that the jurisdictional threshold has been met. Without any evidence to support the claim that plaintiff is seeking relief in excess of $75,000, we cannot reasonably conclude that the amount-in-controversy requirement of § 1332 has been met and that this Court has jurisdiction. *See Pirc, LLC v. Qorvis Communications, LLC,* No. 10-cv-08298, 2011 WL 245581, at *1 (N.D. Ill. Jan. 25, 2011) (remanding a case *sua sponte* for failure to meet the $75,000 jurisdictional minimum where the defendant relied solely on the plaintiff's Rule 222(b) affidavit seeking damages in excess of $50,000 to remove the case to federal court).

IV. **Conclusion**

Based on the aforementioned reasons, the Court will not reach the issues raised in defendant's motion for summary judgment. Defendant is given leave to submit evidence to support that the amount-in-controversy requirement of 28 U.S.C. § 1332(a)

is met and that this Court has jurisdiction.  If no such evidence is submitted within 30 days from this ruling, the case will be remanded to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(c).  It is so ordered.


**ENTERED:**

_____
**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: April 7, 2014**